UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: JACQUELYN V. FITZHUGH,  )<br>                                                     )<br>      Debtor.                            )<br><br>JACQUELYN V. FITZHUGH,<br>      Appellant,<br>      v.<br>WELLS FARGO BANK, N.A., as Indenture Trustee for the IMPAC CMB Trust Series 2005-3, and CHAPTER 13 TRUSTEE,<br>      Appellee. | Civil Action No.<br>22-10904-FDS |

MEMORANDUM AND ORDER ON
APPELLEE'S CROSS-MOTION TO DISMISS APPEAL AND APPELLANT'S MOTION
FOR RECONSIDERATION

**SAYLOR, C.J.**

This is an appeal from the bankruptcy court, arising out of protracted litigation by Jacquelyn Fitzhugh, the appellant, and her husband, Earl Fitzhugh. In this chapter of the litigation, the Fitzhughs seek relief from a bankruptcy court order allowing appellee Wells Fargo Bank, N.A., as Indenture Trustee for the IMPACT CMB Trust Series 2005-3 ("the Trust") to foreclose on a property.

The Fitzhughs purchased a property in Lynn, Massachusetts, in January 2005. They have not made any payments on the mortgage for nearly seventeen years, and they have managed to stave off multiple efforts at foreclosure through repeated bankruptcy filings. They first filed for

bankruptcy on April 5, 2006; as of this writing, they have filed for bankruptcy at least ten times. They have never obtained a bankruptcy discharge.

In this appeal, Jacquelyn Fitzhugh failed to file a timely brief. After the Court granted an extension of time, she again failed to file a timely brief. She and her husband then filed a joint motion to consolidate their bankruptcy cases, again requesting an extension of time. The Court denied that motion.

The Fitzhughs have moved for reconsideration of that denial. The Trust opposes that motion and has filed a cross-motion to dismiss the appeal. For the reasons set forth below, the motion for reconsideration will be denied and the appeal will be dismissed.

**I.    Background**

As noted, Jacquelyn Fitzhugh has not filed a brief on her appeal. The Court therefore takes judicial notice of the bankruptcy docket for the case. *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999). In particular, the Court notices the findings of Judge Saris in *Fitzhugh v. Wells Fargo Bank, N.A. as Trustee for IMPAC CMB Trust Series 2005-3*, 594 F. Supp. 3d 265 (D. Mass. 2022).

On December 23, 2021, a federal bankruptcy judge in Earl Fitzhugh's bankruptcy case issued an order under 11 U.S.C. § 362(d)(4), granting the Trust prospective relief from a future 11 U.S.C. § 362(a) automatic stay.[1]

On March 21, 2022, Jacquelyn Fitzhugh filed for bankruptcy. (Docket at 1).

On March 22, 2022, Jacquelyn Fitzhugh, in her new bankruptcy case, filed a motion for

---

[1] Under § 362(a), a petition for bankruptcy under 11 U.S.C. § 301, § 302, or § 303 automatically "operates as a stay" against certain actions, including "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a). Under § 362(d)(4), a court may court may grant relief to "a creditor whose claim is secured by an interested in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder or defraud creditors . . ." 11 U.S.C. § 362(d)(4).

relief from the December 23, 2021 order.  (*Id.* at 2).

On April 20, 2022, the bankruptcy judge in Jacquelyn Fitzhugh's month-old bankruptcy case denied her motion for relief from that order.

On June 10, 2022, Jacquelyn Fitzhugh filed an appeal of the bankruptcy court's denial of relief.  The Court set June 28, 2022, as the deadline for her brief.

On July 29, 2022, after missing the deadline, Jacquelyn Fitzhugh filed a motion for extension of time to file her brief.  The Court granted the motion and set a new deadline of September 29, 2022.

On October 3, 2022, after missing the new deadline, Jacquelyn Fitzhugh, joined by her husband, filed a motion to consolidate her bankruptcy case with that of her husband.  She also requested an extension of time to file an appellate brief for the consolidated case.  She contended that consolidation was appropriate because of shared facts between the two cases, including an appeal of the December 23, 2021 order.

On October 17, 2022, the Trust filed an opposition to the Fitzhughs' motion and a cross-motion to dismiss Jacquelyn Fitzhugh's appeal.

On October 19, 2022, the Court denied the Fitzhughs' motion.

The Fitzhughs have now moved for reconsideration of the Court's order.

## II. Appellants' Motion for Reconsideration

### A. Consolidation of the Appeal

Rule 42 allows a district court to consolidate cases.  "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a)(1).  The Federal Rules of Bankruptcy Procedure extend Rule 42 to bankruptcy cases before the court.  Fed. R. Bankr. P. 9014(c), 7042.

Appellant and her husband filed their motion to consolidate their cases on September 29,

3

2022. The next day, Judge Mastroianni dismissed Earl Fitzhugh's bankruptcy appeal for failure to file an appellate brief. *See In Re. Fitzhugh et al*, No. 22-10007 (D. Mass. Sept. 30, 2022) (Mastroianni, J.) (dismissing case). Two actions cannot be consolidated before the District Court if one has been dismissed. Even if the actions involved a common question of law or fact—as to which the Court expresses no opinion—consolidation would not be appropriate.

### B. Extension of Time

A court has considerable discretion to grant or deny extensions of time, and parties must adhere to those decisions. *See Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir. 1990) ("Rules are rules.").

Appellant has been on notice since June 14, 2022, that she needed to file a brief by the Court's deadline. Ultimately, she received a three-month extension of time to file a brief and failed to do so. The Court sees no reason to grant any additional time.

Accordingly, the motion to reconsider will be denied.

## III. Cross-Motion to Dismiss

If an appellant in a bankruptcy proceeding fails to file a brief on time, or within an extension given by the district court, the district court may dismiss the appeal *sua sponte*. Fed. R. Bankr. P. 8018(a)(4).

As noted, appellant failed to file her brief on time, despite ultimately receiving a total extension of three months. She and her husband have requested two extensions: the first a month after the deadline to file, and the second on the day of the deadline to file. The Court's time and resources are finite, and where a party disregards court-ordered scheduling orders, dismissal is an appropriate sanction. *See Tower Ventures, Inc. v. City of Wakefield*, 296 F.3d 43, 46 (1st Cir. 2002).

Appellee contends that dismissal is also appropriate because Jacquelyn Fitzhugh failed to

4

object to its motion for a § 362(d)(4) order in 2021. (*See* Opp. at 7-9). Because the Court will dismiss the appeal, the Court expresses no view as to whether she properly preserved the arguments that she and her husband have repeatedly failed to present on appeal. For now, in light of the Fitzhughs' repeated bankruptcy filings and repeated failures to provide courts in this District with timely briefing and objections, the Court simply notes that Congress intended § 362(d) to "reduce abusive filings." H.R. Rep. No. 109-31(I), at 70 (2005).

## IV.     Conclusion

For the foregoing reasons, appellant's motion for reconsideration is DENIED, and appellee's cross-motion to dismiss is GRANTED.

**So Ordered.**

Dated: February 27, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court